**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Pierce,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-19-03416-PHX-DJH<br><br>**ORDER** |

At issue is the Court's February 7, 2020 Order (Doc. 15, Order) regarding Plaintiff Carol Pierce's Application for Disability Insurance Benefits under the Social Security Act (the Act). The Order reversed the April 30, 2018 decision of the Administrative Law Judge (Doc. 8, R. at 17–35) denying Plaintiff's application for benefits and remanded the case to the Social Security Administration for a calculation of benefits. (Order at 10.) Defendant Social Security Commissioner filed a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 17, Mot.), to which Plaintiff filed a Response (Doc. 18, Resp.). The Court now remands the case for further proceedings.

**I.    BACKGROUND**

Plaintiff filed an application for Social Security Disability Insurance on November 12, 2014 for a period of disability beginning October 24, 2013. (R. at 20.) Plaintiff's claim was denied initially on December 16, 2014, and upon reconsideration on January 4, 2016. (R. at 20.) Plaintiff then testified at a hearing held before an Administrative Law Judge

(ALJ) on November 20, 2017. (R. at 20.) On April 30, 2018, the ALJ denied Plaintiff's Application. (R. at 30.) On April 3, 2019, the Appeals Council denied a request for review of the ALJ's decision. (R. at 1.)

Upon reviewing the ALJ's decision, the Court found that "the ALJ provided insufficient reasons for rejecting Plaintiff's symptom testimony, the lay witness opinions, and Dr. Sy's [Plaintiff's treating physician] opinion." (Order at 9.) The Court based its conclusions primarily on the ALJ's evaluation of Plaintiff's vertigo and the testimony and medical opinions related to that impairment. After determining that the ALJ committed reversible error, the Court found that "the record is fully developed and additional proceedings would serve no useful purpose." (Order at 9.) Next, the Court found that if it credited Plaintiff's symptom testimony and Dr. Sy's opinion as true, then an ALJ would be required to find Plaintiff disabled. (Order at 10.) Finally, the Court found that it had no serious doubt that Plaintiff is disabled because Plaintiff's vertigo is well-documented and seemingly permanent. (Order at 10.)

Defendant now argues that the Court "did not properly assess whether the facts of this case represented the extraordinary circumstances that justify bypassing the ordinary remand rule." (Mot. at 2.) Specifically, Defendant points to three "manifest errors," which he asserts require the Court to remand this case for further proceedings.[1] First, Defendant claims that the Court mistakenly reversed the order of the first two steps of the credit-as-true rule. (Br. at 3.) Next, Defendant argues that the Court mistakenly concluded that the second element of the credit-as-true rule—whether further administrative proceedings would be useful—was met. (Br. at 3.) Finally, Defendant asserts that, contrary to the Court's conclusion, "serious doubt" exists as to whether Plaintiff is actually disabled. (Br. at 4–6.)

…

…

---

[1] Defendant charges a fourth error—that Plaintiff did not request a remand for calculation of benefits as a remedy. (Br. at 2.) Defendant is incorrect. Plaintiff requested a remand for calculation of benefits in her Complaint. (Doc. 1.)

## II. LEGAL STANDARD

Rule 59(e) provides that a party may move for an amendment to a judgment within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). It is appropriate for a court to amend a judgment under Rule 59(e) if: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

## III. ANALYSIS

Because the record lacks substantial objective medical evidence documenting the severity of Plaintiff's vertigo, the Court agrees with Defendant that it committed clear error in determining that additional proceedings would serve no useful purpose. Accordingly, it is necessary to further develop the record in this case, so the ordinary remand rule applies.

As for the other errors charged by Defendant, the Court concludes that it did not misapply the order of the credit-as-true rule, and Defendant's argument that there is "serious doubt" that Plaintiff is disabled is superfluous.

### A. The Credit-As-True Rule

If the Court finds that the ALJ erred in finding that the Plaintiff is not disabled under the Act, the Court employs a three-step test—known both as the Varney rule and the "credit-as-true" rule—to determine if the case should be remanded for an award of benefits or for further administrative proceedings. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014). First, the Court determines "whether the 'ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Id*. (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court determines "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Id*. at 1101 (internal quotations omitted). Third, the Court determines whether an ALJ would have to conclude that the claimant is disabled if the improperly rejected evidence were credited as

true. *Id.* at 1101. If all three elements of the test are met, the Court may remand for an award of benefits unless it has serious doubt that the claimant is, in fact, disabled. *Id.* at 1101–02.

Plaintiff correctly identifies that Defendant overstates the significance of the order of the first two steps of the credit-as-true rule. Defendant is correct that the first step is to determine whether the ALJ has committed reversible error. However, Defendant does not identify how considering the first two steps in a particular order could affect the ultimate analysis. Moreover, the Court only performs a credit-as-true analysis after it has identified reversible error. So, the first step is a formality because if the ALJ has not "failed to provide legally sufficient reasons for rejecting [] evidence," then the Court will not perform a credit-as-true analysis. Here, the Court determined in pages 3 through 9 of its Order that the ALJ committed reversible error, and Defendant does not challenge that determination. (Br. at 2.) Thus, the Court *did* find that the ALJ erred *before* it concluded that additional proceedings would not be useful.

**B. Further proceedings would be useful because there are outstanding issues regarding the limiting effects of Plaintiff's impairments.**

Although the ALJ erred in rejecting symptom testimony and medical opinions, the credit-as-true rule does not apply. There are still outstanding issues to be resolved in this case, most importantly determining what true limitations are caused by Plaintiff's vertigo. Therefore, the appropriate remedy is to remand the case for further development of the record.

Importantly, Plaintiff's vertigo is clearly documented in the record and thus it is clear that she suffers at least some limitations because of that impairment. (R. at 57, 63–64, 21, 257, 260, 339, 511.) Nevertheless, an outstanding issue remains because the record is not clear as to the extent of Plaintiff's limitations due to vertigo and her other impairments. Defendant points to numerous medical records that identify normal findings that appear to be inconsistent with disabling vertigo. (Br. at 4–5.) Similarly, the entire

record lacks significant objective medical evidence documenting the debilitating effects of Plaintiff's vertigo, rather than merely its existence.

Moreover, Defendant also points to other evidence in the record that he asserts is inconsistent with Plaintiff's alleged completely disabling symptoms, including Plaintiff's daily activities, the lack of objective diagnostic tests identifying serious issues, and conflicting medical opinions between treating and reviewing physicians. (Br. at 5–6.) The Court agrees with Defendant that these outstanding issues constitute "conflicts, ambiguities, or gaps" in the record, which the ALJ must resolve. (Br. at 3.) *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015). Indeed, it is the ALJ's duty to resolve conflicts, gaps, or ambiguities in the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995)

Finally, the Court is unpersuaded by Plaintiff's response, which emphasizes that the existence of Plaintiff's vertigo is clearly established in the record. Plaintiff highlights that her vertigo is permanent, and the Court agrees. (Resp. at 4.) Nevertheless, there is an outstanding issue regarding how limiting her "chronic, episodic vertigo" actually is. (Resp. at 4.) Similarly, Plaintiff correctly notes that the ALJ improperly concluded that Plaintiff's activities of daily living were inconsistent with her vertigo. (Resp. at 4.) Though her daily activities do not appear to be inconsistent with her symptoms, it is still necessary to determine how functionally limiting her symptoms are. A conflict exists between Plaintiff's claims of disabling symptoms and the dearth of objective medical evidence substantiating those limitations. *See Treichler*, 775 F.3d at 1104. While a mere lack of objective medical evidence is not a permissible reason for an ALJ to disregard a claimant's symptom testimony, it supports a conclusion that there are outstanding issues under the credit-as-true rule. Accordingly, remand for further proceedings is appropriate to allow for further development of the record and proper analysis of Plaintiff's residual functional capacity consistent with her true limitations.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 17).

**IT IS FURTHER ORDERED** amending the Court's prior Order (Doc. 15) to the extent it is inconsistent with this Order.

**IT IS FURTHER ORDERED** remanding this matter for further consideration consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter an amended judgment accordingly. This matter shall remain closed.

Dated this 2nd day of April, 2020.

_____
Honorable Diane J. Humetewa
United States District Judge